Daniel, I.
 

 This is an action of detinue to recover a slave by the name of John. The defendant offered in evidence a bill of sale lor the said slave from his mother (the plaintiffs’ intestate) to himself. The plaintiffs contended that their intestate was
 
 non compos mentis,
 
 at the time the said deed was executed, or that the same was obtained from her by fraudulent practices. In the progress of the trial the plaintiffs offered to prove the declarations of one Cagle, who had married the grand-daughter of the intestate, and who had obtained from her a bill of sale for four other slaves, which deed bore even date with that executed to the defendant.- — ■ This evidence was rejected by the Court. And we think it was properly rejected. In a civil suit against several persons, who are proved to have a joint interest in the decision, a declaration made by one of those persons, concerning a material fact within his own knowledge, is evidence against him and against all who are parties with him to the suit.—. Philips on Ev. 73. 11 East 589.
 
 Lucas
 
 v
 
 De la Cour,
 
 1 Maule & Sel. 249. This rule has been extended in actions, so far as to admit the declarations of one partner, to be evidence against another, concerning joint contracts and their joint interest, although the person who makes such declarations is not a party to the suit; it is received as an admission against those, who are as one person with him in interest.—Phillips 73.
 
 Wood
 
 v
 
 Braddick,
 
 1 Taunt. 104. The above is the rule respecting admissions in the case of joint contracts, or where several persons have one and the same interest in the subject matter. But the same rule cannot be applied in actions of trespass or to criminal proceedings. Cagle did not have one and the same interest with the defendant in the subject matter of this action, which only related to the title
 
 to
 
 the slave John. There was nothing to prevent Cagle from being called and examined as a witness in the cause.
 

 
 *63
 
 Secondly. After a great deal of testimony had been received on the part oí the plaintiff and the defendant, the defendant’s counsel said he would still proceed and examine other witnesses. The Court intimated “that it was unnecessary to call other witnesses, for, in the opinion] of the Court, the evidence already offered, taking it to be true, would not justify the jury in coming to the conclusion, either that there was a want of mental capacity in Mrs. Rowland at the time she executed the deed, or that such undue influence had been used as would avoid the deed. We have examined the testimony, which had been given in before the Judge made the above remarks, and we must say that it exhibited
 
 no
 
 evidence of mental incapacity in Mrs. Rowland, at the time she executed the deed to the defendant; nor does it contain
 
 any
 
 evidence of a fraudulent contrivance to obtain the same. We think that the remarks of the Judge went no farther than to intimate, that there was
 
 no
 
 evidence to support the allegations made by the plaintiffs, and thus far it was not erroneous in him to go. The judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.